UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ALBERT WYNN,

   Plaintiff,

   v.

CALIFORNIA DEPARTMENT OF
WATER RESOURCES, et al.,

   Defendants.

No. 2:15-cv-02172-MCE-GGH

ORDER

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a claim, however inartfully pleaded, has an
6    arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);
7    Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a cause of
9    action;" it must contain factual allegations sufficient to "raise a right to relief above the
10   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading
11   must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of]
12   a legally cognizable right of action."  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and
13   Procedure 1216, pp. 235–35 (3d ed. 2004)).  "[A] complaint must contain sufficient factual
14   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,
15   556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility
16   when the plaintiff pleads factual content that allows the court to draw the reasonable inference
17   that the defendant is liable for the misconduct alleged."  Id.

18   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520–21
19   (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear
20   that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma
21   pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson,
22   809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

23   Plaintiff asserts that the California Department of Water Resources violated Title I of the
24   Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., by terminating him
25   because of his disability despite the fact that he could perform his job with reasonable
26   accommodations.  Plaintiff seeks more than $30 million in damages from the California
27   Department of Water Resources for these alleged violations.  Title I of the ADA, however, does
28   not authorize lawsuits against government agencies for money damages.  Bd. of Trustees of Univ.

2

1   of Alabama v. Garrett, 531 U.S. 356, 374 (2001).[1]  Moreover, individual defendants in their

2   individual capacity are improperly sued under the ADA.  See discussion in Allford v. Barton,

3   2015 WL 2455138 (E.D. Cal. 2015).

4         To the extent that plaintiff seeks injunctive relief, the relief he seeks is beyond the scope

5   of the ADA and the power of this court to grant, i.e., the court cannot order "a hold on all DWR

6   federal contracts payments," nor may the "State of California" be enjoined in this suit to cease

7   asking the question appearing in paragraph 3 of the complaint.  What's more, the Ex parte Young

8   exception to Eleventh Amendment immunity does not apply because plaintiff apparently does not

9   name any official of his agency (DWR) for prospective injunctive relief to correct an ongoing

10  violation of his federal rights, other than the ADA.  Allford supra.  In accordance with the

11  forgoing the court finds that plaintiff has not stated an ADA claim against any defendant.

12  Accordingly, the court will order that plaintiff's ADA claims be dismissed but with leave to

13  amend with respect to appropriate injunctive relief.

14        Plaintiff also claims that the California Department of Water Resources violated Title VII

15  of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  Title VII makes it an unlawful

16  employment practice for an employer to "fail or refuse to hire or to discharge any individual, or

17  otherwise to discriminate against any individual with respect to his compensation, terms,

18  conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

19  national origin."  Id., § 2000e-2(a)(1) (emphasis added).  If the employer permits the work

20  environment to be permeated by hostility based on the emphasized protected categories, this

21  hostile work environment itself violates Title VII.  Meritor Sav. Bank, FSB v. Vinson, 477 U.S.

22  57, 66 (1986).  Plaintiff fails to allege facts sufficient to state a Title VII claim because he does

23  not allege that he was discriminated against based on race, color, religion, sex, or national origin.

---

[1] State employees are not left without any remedy against disability discrimination, however. Garrett, 531 U.S. at 374 n.9.  For example, California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12900–12996, allows public employees to sue the state in state court for disability discrimination.  Schifando v. City of Los Angeles, 79 P.3d 569, 573–74 (2003).  State employees may also seek relief from disability discrimination under California's Civil Service Act, Cal. Gov't Code § 19702.  Id.

The court will, however, permit plaintiff be granted leave to amend his Title VII claims because he may yet be able to state a claim for relief.

Plaintiff must include facts in any amended pleading showing that he has exhausted his administrative remedies if he wishes to pursue claims under Title VII. "Discrimination claims under Title VII ordinarily must be filed with the EEOC within 180 days of the date on which the alleged discriminatory practice occurred." Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1174 (9th Cir. 1999) (citing 42 U.S.C. § 2000e–5(e)(1)). "However, if the claimant first 'institutes proceedings' with a state agency that enforces its own discrimination laws—a so-called 'deferral' state—then the period for filing claims with the EEOC is extended to 300 days." Id. (citations omitted). California is a deferral state. Josephs v. Pac. Bell, 443 F.3d 1050, 1054 (9th Cir. 2006). "When the Equal Employment Opportunity Commission (EEOC) dismisses a claim, it is required to notify claimant and to inform claimant that she has 90 days to bring a civil action." Scholar v. Pacific Bell, 963 F.2d 264, 266 (9th Cir. 1992). "The requirement for filing a Title VII civil action within 90 days from the date the EEOC dismisses a claim constitutes a statute of limitations." Id. at 266–67. "If [a] claimant fails to file within [the] 90-day period, the action is barred." Id. at 267.

If plaintiff chooses to amend his complaint, he must allege in specific terms how each named defendant is involved. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), overruled in part on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Once plaintiff files an amended complaint, the original pleading no longer serves an operative function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4

1    In accordance with the foregoing, and good cause appearing, THE COURT HEREBY

2  ORDERS that plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is

3  GRANTED.

4    THE COURT FURTHER ORDERS that Plaintiff's complaint, ECF No. 1, is dismissed

5  with leave to amend. Such amendment must be filed no later than thirty days from the filed date

6  of this order.

7  Dated: November 19, 2015

8  　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows

9  　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

16  /wynn2172.ifp.lta