UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALBERT WYNN,<br><br>            Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF<br>WATER RESOURCES, et al.,<br><br>            Defendants. | No. 2:15-cv-2172 MCE GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, proceeding in this action pro se and in forma pauperis, has filed an amended complaint asserting claims under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* This proceeding was referred to this court by Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

      Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

490 U.S. at 327.  The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235–35 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The court will recommend that plaintiff's amended complaint be dismissed because plaintiff has failed to state a claim against defendants.  Plaintiff asserts that defendants, the California Department of Water Resources (CDWR) and the California State Personnel Board (CSPB), violated Title I of the ADA by discriminating and retaliating against him in the course of his employment with the CDWR.[1]  Title I of the ADA, however, does not authorize lawsuits against government agencies or their employees for money damages.  Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 374 (2001); see also Allford v. Barton, No. 1:14-CV-00024-AWI, 2015 WL 2455138, at *9 (E.D. Cal. May 22, 2015).  The court advised plaintiff in its order

---

[1] Plaintiff does not name the individual defendants, Karen Joelson and Cynthia Castillo, in his amended complaint.

2

dismissing his original complaint that he cannot pursue ADA claims for money damages against defendants. ECF No. 3 at 2–3. Nevertheless, plaintiff's amended complaint continues to do so. Plaintiff's amended complaint seems to argue that the Eleventh Amendment does not bar claims for money damages against government agencies because pursuant to California law, violations of the ADA also constitute violations of the Disabled Persons Act (DPA), Cal. Civ. Code § 54(c). ECF No. 4 at 2. Plaintiff, however, misunderstands the implications of § 54(c). Section 54(c) does not abrogate California's Eleventh Amendment immunity. Instead, it allows plaintiffs to establish a violation of the DPA has occurred using the elements of an ADA claim. § 54(c); Californians for Disability Rights V. Mervyn's LLC, 165 Cal. App. 4th 571, 586 (2008).[2]

Plaintiff's amended complaint also does not state a Title VII claim. In order to state a Title VII claim plaintiff must allege that defendants discriminated against him "with respect to his compensation, terms, conditions, or privileges of employment, because of [his] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff does not allege that he was discriminated against based on race, color, religion, sex, or national origin. Accordingly, plaintiff has not alleged facts sufficient to state a claim for violation of Title VII.

To the extent that plaintiff seeks to assert a stand-alone Fourteenth Amendment claim, the Supreme Court has ruled that such claims are not actionable absent an irrational motive. Garrett, 531 U.S. at 367 ("States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational.").

Finally, plaintiff also asserts that defendants have "violat[ed] [the] NLRB labor rules covering employer's obligation to negotiate." ECF No. 4 at 1. The National Labor Relations Board's rules, however, do not create a private cause of action that can be asserted in federal court. Accordingly, the court finds that plaintiff's amended complaint fails to state a claim against defendants.

The court will recommend that plaintiff's complaint be dismissed without leave to amend because amendment would be futile. "[F]ederal courts are instructed to 'freely give leave [to

---

[2] If that were not enough, § 54(c) does not even apply to DPA claims based on discrimination and retaliation; it applies to claims of unequal access to public places.

1  amend] when justice so requires.'" Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007

2  (9th Cir. 2009), as amended (Feb. 10, 2009).  District courts, however, may deny leave to amend

3  "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

4  cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

5  virtue of allowance of the amendment, [and] futility of amendment.'" Leadsinger, Inc. v. BMG

6  Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).  Plaintiff has already been given the chance to

7  amend his complaint with detailed instructions on how to correct its deficiencies.  Unable to

8  address the courts' concerns, plaintiff has submitted an amended complaint that fails to state a

9  claim for the same reasons as his original complaint.  Accordingly, the court will recommend that

10 plaintiff's amended complaint be dismissed without leave to amend because leave to amend

11 would be futile.

12         In accordance with the foregoing, THE COURT HEREBY RECOMMENDS that

13 plaintiff's amended complaint, ECF No. 4, be DISMISSED without leave to amend.

14         These findings and recommendations are submitted to the United States District Judge

15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16 after being served with these findings and recommendations, any party may file written

17 objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b).  Such a

18 document should be captioned "Objections to Magistrate Judge's Findings and

19 Recommendations."  Any response to the objections shall be filed with the court and served on all

20 parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

21 objections within the specified time may waive the right to appeal the District Court's order.

22 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57

23 (9th Cir. 1991).

24 Dated: January 19, 2016

25                              /s/ Gregory G. Hollows

26                     UNITED STATES MAGISTRATE JUDGE

27

28 /wynn2172.dism

4